ALB:RAT
F. #2018R01182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

AJAY SHARMA,
ANKUR SHARMA,
RICARDO J. URBINO,
       also known as "Ricardo
       Urbina," and
HARPREET SINGH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 17 2019 ★

LONG ISLAND OFFICE

INDICTMENT

CR 19 024

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2),
982(b)(1), 1349, 1956(a)(1), 1956(h)
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

FEUERSTEIN, J.

TOMLINSON, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

       At all times relevant to this Indictment, unless otherwise indicated:

I.     The Defendants and Their Fraud Scheme

       1.      The defendants AJAY SHARMA, ANKUR SHARMA, RICARDO J.

URBINO, also known as "Ricardo Urbina," and HARPREET SINGH, together with others,

engaged in a fraudulent telephone call and internet retail scheme directed at thousands of

individuals across the United States (the "Victims").  As part of the scheme, telemarketing

call centers in India were used to place calls seeking to defraud the Victims of money by

various fraudulent scenarios that were presented.  Among the fraudulent scenarios used was

a scam wherein the Victims were contacted by an individual or individuals (the "Callers"),

who claimed to be agents of a United States governmental agency.  The Callers falsely

claimed they were contacting the Victims to inform them that they owed the United States government or one of its agencies a specified amount of money and, if the Victims did not immediately remit payment to the individuals or entities identified by the Callers, the Victims would be arrested.   The scam was designed to induce the Victims to immediately remit payment in the amount claimed to be owed, in order to avoid arrest or other threatened sanctions.

2.       Another fraudulent scam employed by the defendants and their co-conspirators was a "false purchase" scam, wherein purported products for sale were posted on e-commerce websites.   The defendants and their co-conspirators would agree to sell a purported product to an online purchaser and would collect the purported purchase price, without ever forwarding the product as had been agreed upon.

3.       The defendant AJAY SHARMA was a citizen of India and the director and owner of APS Technology, a telemarketing call center located in New Delhi, India, used to further the fraud scheme.   AJAY SHARMA was a leader and organizer of the fraud scheme.

4.       The defendant ANKUR SHARMA was a resident of Bellerose, New York.   ANKUR SHARMA was a United States-based manager and recruiter for the fraud scheme.

5.       The defendant RICARDO J. URBINO, also known as "Ricardo Urbina," was a resident of Hempstead, New York.   URBINO opened bank accounts tied to a fraudulent corporation, which were used to process, collect and distribute money obtained from the Victims.

6.      The defendant HARPREET SINGH was a resident of Queens Village, New York.  SINGH opened bank accounts tied to a fraudulent corporation, which were used to process, collect and distribute money obtained from the Victims.

II.      The Corporate Entities and Bank Accounts Used in the Eastern District of New York

7.      Fritz Inc. was a corporation that was registered with the New York State Department of State on March 19, 2018, as a domestic business corporation.  The defendant RICARDO J. URBINO, also known as "Ricardo Urbina," opened six separate bank accounts in the name of Fritz Inc. at six different banks in the Eastern District of New York (the "URBINO Fritz Bank Accounts").  URBINO identified himself as the president and chairperson of Fritz Inc. in the account opening documents, and was the sole signatory on the URBINO Fritz Bank Accounts.  URBINO provided false and conflicting information to the banks in the account opening documents, at times claiming that Fritz Inc. was a beauty and health marketing services company, and at other times, an advertising and IT consulting company.  URBINO made these false claims concerning Fritz Inc., when, as URBINO well knew and believed, Fritz Inc. was actually a corporate entity serving no legitimate business purpose that was instead used to process, collect and distribute money obtained from the Victims of the fraud scheme.

8.      Neomio Inc. was a corporation that was registered with the New York State Department of State on October 30, 2017, as a domestic business corporation, with the defendant HARPREET SINGH listed as its registered agent.  SINGH opened six separate bank accounts in the name of Neomio Inc. at six different banks in the Eastern District of New York (the "SINGH Neomio Bank Accounts").  SINGH identified himself as the president and chairperson of Neomio Inc. in the account opening documents, and was the

sole signatory on the SINGH Neomio Bank Accounts. SINGH provided false information to the banks in the account opening documents, representing Neomio Inc. to be a health and beauty care sales company, when, as SINGH well knew and believed, Neomio Inc. was actually a corporate entity serving no legitimate business purpose that was instead used to process, collect and distribute money obtained from the Victims of the fraud scheme.

9.    As a part of the scheme to defraud, when Victims who had been called agreed to remit payments as a result of the false representations made to them, the Callers instructed the Victims to send wire transfer payments to bank accounts, including the URBINO Fritz Bank Accounts and the SINGH Neomio Bank Accounts, that had been set up for the sole purpose of receiving and then immediately disbursing the fraudulently obtained payments. The defendant AJAY SHARMA, together with others, then contacted the defendant ANKUR SHARMA in the United States via telephone to inform ANKUR SHARMA of the time of the expected wire transfer payment, the amount, the name of the expected payee and the particular bank account to which the payment was being sent.

10.    Shortly after receiving the wire transfer payments sent by the Victims to the URBINO Fritz Bank Accounts and the SINGH Neomio Bank Accounts, the defendants ANKUR SHARMA, RICARDO J. URBINO, also known as "Ricardo Urbina," and HARPREET SINGH withdrew the fraudulently obtained payments. The defendants ANKUR SHARMA, URBINO and SINGH, together with others, then distributed the money via cashier's checks and wire transfers to other bank accounts.

11.    In total, between approximately January 2016 and the date of the filing of this Indictment, the defendants AJAY SHARMA, ANKUR SHARMA, RICARDO J. URBINO, also known as "Ricardo Urbina," and HARPREET SINGH, together with others,

received approximately $2.5 million dollars from the Victims as a result of the fraudulent scheme.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

12. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between January 2016 and the date of the filing of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AJAY SHARMA, ANKUR SHARMA, RICARDO J. URBINO, also known as "Ricardo Urbina," and HARPREET SINGH, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

14. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between January 2016 and the date of the filing of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AJAY SHARMA, ANKUR SHARMA, RICARDO J.

URBINO, also known as "Ricardo Urbina," and HARPREET SINGH, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h), 1956(a)(1) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

16.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

17.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21,

United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

18.    The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Two, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense,

or any property traceable to such property.

19.    If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F # 2018R01182
FORM DBD-34
JUN 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

AJAY SHARMA, ANKUR SHARMA and RICARDO J. URBINO,
also known as "Ricardo Urbina,"

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2), 982(b)(1), 1349,
1956(a)(1), 1956(h) and 3551 et seq.; T. 21, U.S.C., § 853(p)

_____

*A true bill.*

_____
                                          *Foreperson*

*Filed in open court this* _____

*of* _____ *A.D. 20* _____

_____
                                          *Clerk*

*Bail, $* _____

Raymond A. Tierney
Assistant U.S. Attorney