UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              v.

AJAY SHARMA,

                        Defendant.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-cr-24 (JMA)

FILED
CLERK
2:01 pm, Jun 30, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Pending before the court is the motion for compassionate release of defendant Ajay Sharma ("Defendant"). See Motion for Compassionate Release, ECF No. 154. For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND[1]

### A. Guilty Plea and Sentence

On November 30, 2020, Defendant[2] appeared before the Honorable A. Kathleen Tomlinson and entered a guilty plea to Count One of a two-count indictment, conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343. See Minute Entry, ECF No. 110; December 30, 2020 Transcript, ECF No. 112. On or about June 19, 2021, while Defendant was incarcerated pending sentencing, his wife was involved in a motor vehicle accident, which injured the left side of her body and rendered her unable to move her left arm or leg.[3] See ECF No. 154-3.

---

[1] Only background facts relevant to determination of the pending motion are set forth herein.

[2] Neither Defendant nor his family are American citizens. His entire immediate family lives in India.

[3] According to Defendant, his wife now receives full-time homecare, and she is unable to adequately care for their two children, ages 17 and 12. See generally ECF No. 154.

On December 17, 2021, this Court sentenced Defendant to seventy-eight (78) months on Count One and ordered him to pay restitution in the amount of $3,266,714.00 and forfeit the amount of $1,005,421.00. See Minute Entry, ECF No. 138; Judgment, ECF No. 141. The Court further imposed a two-year (2) term of supervised release, to begin following Defendant's release from prison. Id. Defendant sought reconsideration of his sentence on December 23, 2021, which the Court denied on January 12, 2022. See ECF No. 139; January 12, 2022 Electronic Order.

**B. Instant Motion**

On September 2, 2022, Defendant submitted a request for a reduction of his sentence to the Warden of Allenwood FCI, the facility where Defendant is currently incarcerated. See ECF No. 154-2. Defendant's request was predicated on his: (1) personal health ailments, which purportedly rendered him more susceptible to contracting COVID-19; and (2) wife's health condition. Id. On September 20, 2022, the Warden denied Defendant's request, on the bases that Defendant: (1) was too young and healthy to qualify for health-related early release; and (2) was not the primary caregiver for his wife or children. Id.

On October 14, 2022, Defendant filed the instant motion, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), to immediately release him to the custody of the United States Immigration and Customs Enforcement Agency to be deported back to India. See ECF No. 154. Defendant raises the same two issues that formed the basis of his original request for a sentence reduction – namely: (1) his wife's current inability to care for herself and their two children; and (2) Defendant's own chronic illnesses. Id. The Government responded on December 6, 2022, see ECF No. 159, and Defendant filed a reply and an amended reply thereafter. See ECF Nos. 162, 163. For the following reasons, Defendant's motion is denied.

## II. DISCUSSION

### A. Legal Standards

A defendant may file a motion for compassionate release following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility—whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The statute provides that after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce a sentence if extraordinary and compelling reasons justify such action. Id.

"[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). However, "[e]ven if extraordinary and compelling reasons exist," the district court may deny compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-cr-444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr. 26, 2021) (quoting United States v. Davies, No. 17-cr-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)); see also United States v. Derounian, No. 16-cr-412, 2022 WL 6162551, at *1 (E.D.N.Y. Oct. 7, 2022).

### B. Defendant's Compassionate Release Request

Defendant seeks immediate release from prison, pursuant to his: (1) wife's current medical situation and inability to care for their children; and (2) own chronic illnesses. In opposition, the Government argues that: (1) Defendant has neither submitted verifiable proof regarding his wife's purported incapacity nor asserted that he is the only available caregiver; and (2) Defendant's illnesses are currently controlled with medication and are not severe enough to necessitate release.

3

As the proponent of release, Defendant must demonstrate "extraordinary and compelling reasons" to justify his immediate release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); United States v. Gotti, No. 02-cr-743, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020) (defendant "has the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist"). The Court addresses each of Defendant's arguments in turn.

Defendant's first argument in favor of compassionate release lacks legal or factual support. Under 18 U.S.C. § 3582(c)(1)(A), the illness of a defendant's spouse or caregiver of a defendant's children only constitutes an "extraordinary and compelling" reason for release where the spouse or caregiver is incapacitated. See 18 U.S.C. § 3582(c)(1)(A). To this end, medical records submitted by a defendant in support of such a claim are only persuasive where those documents are both verifiable and establish the subject spouse's or caregiver's current medical status. See United States v. Ayala, No. 16-cr-809, 2022 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020) (medical records detailing a procedure underwent by the defendant's mother over two years prior were insufficient to shed light on mother's "present condition."). Moreover, multiple courts have concluded that compassionate release due to the incapacitation of a spouse or a child's caregiver is only warranted when a defendant is the only caregiver available. See, e.g., White v. United States, No. 13-cr-255, 2022 WL 4244219, at *4 (W.D.N.Y. Sept. 15, 2022) ("Nothing in the record suggests that any of White's relatives require extraordinary care that only he can provide. At best, White establishes that he is simply the preferred caregiver of his family members, but their preference for White's care does not amount to an extraordinary and compelling reason for a sentence reduction."); United States v. Rollins, No. 19-cr-34, 2021 WL 5445772, at *4 (W.D.N.Y.

4

Nov. 22, 2021) (same); United States v. Pabon, No. 17-cr-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (same); United States v. Lindsey, No. 13-cr-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (denying sentence reduction on basis that defendant failed to show that no other family member or other caretaker could provide the necessary care).

Additionally, multiple courts within this Circuit have found that a defendant seeking compassionate release based on that person's caregiver status must provide "several sources" of evidence to buttress such a claim. See, e.g., Lindsey, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (defendant failed to meet "several sources" burden in claiming that he was the only available caregiver, and family circumstances did not constitute extraordinary and compelling circumstances for compassionate release); United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (finding evidence from "several sources" indicating that defendant was his mother's only available caregiver to be an extraordinary and compelling reason for compassionate release).

Here, notwithstanding the parties' squabble over the veracity of medical records and the circumstances of Defendant's wife's current health, Defendant has failed to establish an extraordinary and compelling reason for compassionate release because he has not demonstrated that he is his children's only available caregiver (by virtue of his extended family's presence in India). Moreover, Defendant has failed to show – indeed, he has not explicitly argued – that he is the only available caregiver for his wife and children. His instant application thus lacks the requisite "ample evidence from several sources." See Lindsey, 2021 WL 37688, at *3. Based on these failures, the Court concludes that Defendant has not established an extraordinary and compelling reason for release and rejects this first argument in favor of release.

The Court similarly rejects the second prong of Defendant's motion, wherein he seeks compassionate release based on his increased susceptibility to contracting COVID-19 by virtue of

5

his own medical ailments, specifically diabetes, high cholesterol, high blood pressure, and heart failure. This argument is unpersuasive as multiple courts within the Second Circuit have declined to release prisoners who were both older than Defendant and suffered from medical conditions that – at the height of the pandemic – rendered them more vulnerable to contracting COVID-19. See, e.g., United States v. Bailey, No. 97-cr-269, 2021 WL 4942954, at *1-2 (S.D.N.Y. Oct. 22, 2021) (69-year-old defendant lacked "extraordinary and compelling" reason for compassionate release because he was fully vaccinated against COVID-19 and his medical records indicated that his chronic health conditions were well-controlled.); United States v. Baker, No. 97-cr-877, ECF No. 346, at 5, 9 (E.D.N.Y. April 21, 2020) (compassionate release request denied for 81-year-old defendant who suffered from "diabetes, hyperlipidemia, anemia, carpal tunnel syndrome, glaucoma, hypertension, angina, hemorrhoids, periodontitis, dermatitis, urinary incontinence, retinopathy, heart disease, chronic kidney disease and lower back pain").

Notwithstanding these cases, and even accounting for prior findings that individuals older than 40 are more vulnerable to contracting COVID-19, see, e.g., United States v. Kitroser, No. 15-cr-19, 2023 WL 3173513, at *5 (S.D.N.Y. May 1, 2023); United States v. Oquendo, No. 13-cr-357, 2023 WL 199609, at *4 (S.D.N.Y. Jan. 17, 2023), Defendant has not refuted the government's assertion that his medical conditions are under control. A release-proponent's failure to do so, these courts have found, can be fatal to a compassionate release motion. See Oquendo, 2023 WL 199609, at *4 ("But the Court has reviewed with care Mr. Oquendo's BOP medical records, which indicate that (i) his prior kidney and liver issues are largely resolved and (ii) he has worked successfully with BOP medical professionals to address his remaining health issues during the pandemic."); United States v. Barraza Payan, No. 18-cr-422, 2022 WL 17757779, at *4 (S.D.N.Y. Dec. 19, 2022) ("There is nothing to suggest that Mr. Barraza Payan has been unable to care for

6

himself or has been neglected by BOP medical personnel. Instead, Mr. Barraza Payan appears to have received appropriate medical care while incarcerated, including a recent preventative health screening on December 2, 2022."); United States v. Mood, No. 19-cr-113, 2021 WL 242482, at *1 (S.D.N.Y. Jan. 25, 2021) (denying compassionate release where defendant's "medical records reflect that his other health conditions have been well monitored and managed by BOP"); United States v. Brady, No. 18-cr-316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (same). Defendant's motion thus fails on these bases.

Finally, Defendant has submitted no evidence that COVID-19 is a major concern at Allenwood FCI, nor has he submitted any evidence that he is at a high risk of contracting COVID-19.[4] Accordingly, the Court concludes that Defendant has failed to demonstrate that his current health status qualifies as an "extraordinary and compelling" to justify his release. The Court thus rejects this second prong of Defendant's motion.[5]

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 154, is DENIED.

**SO ORDERED**.

Dated: June 30, 2023  
    Central Islip, New York

/s/ (JMA)  
Hon. Joan M. Azrack  
United States District Judge

---

[4] Neither party has submitted evidence regarding Defendant's COVID-19 vaccination status.

[5] While Defendant seeks a ruling from this Court regarding the constitutionality or fairness of the alleged citizenship disparity under the First Step Act and the CARES Act, and the Bureau of Prisons' policies towards non-citizen prisoners, see generally ECF Nos. 154, 161, 163, 166, the Court declines to do so as those issues are irrelevant to Defendant's instant motion.